IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| KHALIL JANJUA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:15-CV-05475-EMC |
| | ) |
| LORI SCIALABBA, Acting Director, | ) |
| United States Citizenship and Immigration | ) |
| Services, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# [PROPOSED] PROTECTIVE ORDER

In the course of this litigation, the parties anticipate the filing of the Certified Administrative Record ("CAR") which will include documents containing personally identifiable information relating to third parties not participating in this lawsuit. This identifying information is contained within various agency records and databases, including individual alien files, some of which are in the possession, custody, and control of Defendants and Defendants' counsel. Defendants agree to produce to Plaintiff unredacted records relating to Plaintiff, and (where appropriate and allowable by law) third parties, subject to entry of the following protective order, in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act"), to which the parties have stipulated.

WHEREFORE, at the request of counsel for Plaintiff and counsel for Defendants ("the Parties"),

IT IS HEREBY ORDERED that in accordance with the terms of this Privacy Act protective order, pursuant to 5 U.S.C. § 552a (b), to file the CAR so long as disclosure is subject to the following conditions:

1. The Parties agree that the terms of this protective order will govern the entirety of any alien registration file, any and all immigration files, or any other discovery that contains Privacy Act material pertaining to third parties, such as information obtained from the records or systems of records of third parties and identifying information of third parties, as well as any copies or summaries made thereof and any information derived therefrom, including any materials that any party has previously produced in discovery or will produce through any further discovery taken in this case.

2. To the extent that the federal government produces any third-party records or documents or records that contain third-party names, addresses, birth dates, or any other identifying information (i.e., information the use of which would allow the identification of the person to whom the information relates), such identifying information shall be deemed confidential (in the ordinary sense) and protected by this protective order. All such Privacy Act information is subject to this protective order and may be used solely for purposes of this litigation including any appeal of any decision(s) this Court issues with respect to this litigation.

3. Counsel for Defendants shall designate documents within the CAR as confidential by placing the word "CONFIDENTIAL - COVERED BY PROTECTIVE ORDER" or the following label (or a substantial equivalent) on them or on any copies thereof, or any cover sheets thereon:

CONFIDENTIAL

THIS DOCUMENT IS SUBJECT TO A COURT ORDER IN THE *JANJUA V. SCIALABBA* CASE. THIS DOCUMENT AND ITS CONTENTS SHALL NOT BE USED, SHOWN OR DISTRIBUTED EXCEPT AS PROVIDED IN THE PROTECTIVE ORDER.

4. Protected information may be disclosed only to the following persons and only to the extent necessary for the prosecution of this action:

   a. counsel for Plaintiff, Plaintiff, and any support staff of such counsel assisting in this action;

   b. the Court and its personnel, including court reporters;

   c. individuals whose testimony is contemplated or actually taken in this action, but only to the extent necessary to elicit testimony concerning the subject matter of information or records produced subject to this protective order;

   d. expert witnesses or consultants retained by Plaintiff or Defendants, should there be any;

   e. the author of the document or the original source of the information; and

   f. any Court of Appeals and its personnel, in the event of an appeal of any decision this Court issues with respect to this litigation.

5. This order does not prohibit assertion of or otherwise effect a waiver of any other privilege or protection from disclosure (including, but not limited to, the law enforcement privilege, attorney client privilege, deliberative process privilege, attorney work product protection, and statutory protections from disclosure other than those contained in the Privacy Act) Defendants might assert, nor does it prohibit redaction of material covered by any such privilege or protection from disclosure. Plaintiff reserves the right to file a motion to compel disclosure of redacted information.

Case 3:15-cv-05475-EMC Document 245 Filed 02/03/17 Page 3 of 9

6. All persons listed in Paragraph 4(a) above to whom identifying information is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in 4(b)-(f) above, any confidential information, except as provided in this protective order.

7. All persons listed in Paragraphs 4(c) and (d) above, to whom identifying information is disclosed, shall first be required to read the terms of this protective order and sign a copy of the Acknowledgment of Protective Order form, attached hereto as Exhibit A, agreeing to be bound thereby. Counsel for Plaintiff or for Defendants shall maintain the signed Acknowledgment forms.

8. No protected documents or information shall be used at any hearing, trial or appellate proceeding in this action, unless provision shall be made for exclusion of the public or unless some other reasonable provision to protect confidentiality has been made. Where protected documents or information is used at a hearing, trial or appellate proceeding in this action, the appropriate portion of the court transcript shall be placed under seal. Such designation shall be limited to those portions of the transcript the sealing of which is reasonably necessary to preserve the confidentiality of documents, as well as copies or summaries made thereof and any information derived therefrom, which are subject to the terms of this protective order.

9. Inadvertent disclosure of any document or other information during discovery in this action shall be without prejudice to any claims that such material is confidential, privileged, or otherwise protected from discovery within the meaning of Federal Rule of Civil Procedure 26, and no party to this protective order shall be held to have waived any rights by such inadvertent disclosure. Any document or information so produced and subject to a subsequent claim of

Case 3:15-cv-05475-EMC Document 245 Filed 02/03/17 Page 4 of 9

privilege shall be treated in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b).

10. Within 60 days of the final conclusion of this litigation, including any appeals, counsel for Plaintiff shall collect all documents produced pursuant to this protective order that contain third-party identifying information, as well as any copies thereof, or any information and notes derived therefrom, and shall return such documents to counsel for Defendants pursuant to the terms of this protective order. Alternatively, counsel for Plaintiff shall destroy said documents by shredding them and provide counsel for Defendant with verification of destruction within 30 days of the final conclusion of this litigation, including any appeals.

11. If Plaintiff disputes Defendants' designation of a document as Privacy Act Material covered by this Protective Order as described in Paragraph 1, counsel for Plaintiff shall notify counsel for Defendants and ask Defendants to withdraw the designation. If Defendants do not agree to withdraw the designation, Plaintiffs may submit a motion to challenge the designation with this Court in accordance with the Court's procedures governing discovery disputes. Defendants, as designating party, shall bear the burden of proving that the information in question is within the scope of protection under this order and Federal Rule of Civil Procedure 26(c).

12. If Plaintiff intends to use a document covered by this Protective Order in a manner inconsistent with this Protective Order, but contends that said document can be redacted in such a way as to protect the protected Privacy Act Material, Plaintiff's counsel shall provide the redacted version, with an explanation of why it is needed, to counsel for Defendants and provide Defendants with 7 days to withdraw the designation on the redacted version of the document. If Defendants do not agree to withdraw the designation, Plaintiff may submit a

Case 3:15-cv-05475-EMC Document 245 Filed 02/03/17 Page 5 of 9

motion to challenge the designation of the redacted document with this Court in accordance with the Court's procedures governing discovery disputes. Defendants, as designating party, shall bear the burden of proving that the information in question is within the scope of protection under this order and Federal Rule of Civil Procedure 26(c).

13. Agreement to this protective order does not waive any rights of any party to assert a claim of privilege as to these or similar documents.

14. Nothing in this agreement shall be deemed to restrict in any manner the use by any party of its own documents or materials.

15. Nothing in this agreement shall affect the right of any party to seek additional protection against the disclosure of documents or materials.

16. Plaintiff may seek written consent authorizing the release of information from his family members as it relates to their third party information (Privacy Act Waiver). Disclosure of information related to a third party who has executed a Privacy Act Waiver shall be governed by the terms of the Privacy Act Waiver executed by the third party.

17. Any party may apply to this Court at any time, upon proper notice, for a modification of this protective order with respect to the handling or designation of any document or for any other purpose.

18. This order shall be binding upon any present and future party to the above-captioned litigation, including any appeal of any decision(s) of this Court with respect to this litigation.

19. The Parties have agreed to the terms of this order, and this order shall be effective and enforceable upon its signature by the Court.

Case 3:15-cv-05475-EMC Document 245-1 Filed 02/03/17 Page 6 of 9

For the Defendants:

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

KATHERINE E.M. GOETTEL
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section

*/s/ Gladys M. Steffens Guzmán*
GLADYS M. STEFFENS GUZMÁN
PR State Bar #14250
Trial Attorney, Office of Immigration Litigation
United States Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Email: Gladys.Steffens-Guzman@usdoj.gov
Telephone: (202) 305-7181
Facsimile: (202) 305-7000

*Counsel for Defendants*


For the Plaintiff:

ROBERT B. JOBE
Cal. State Bar #133089
LAW OFFICE OF ROBERT B. JOBE

*/s/ Anna L. Benvenue*
ANNA L. BENVENUE
Cal. State Bar #261436
Director, Appellate Writing Group
550 Kearny Street, Ste. 200
San Francisco, CA 94108
Tel (415) 494-8597
Fax: (415) 967-7055
Email: federal@jobelaw.com

It is so ORDERED on \_\_\_\_\_February 1\_\_\_\_\_, 20\_17\_, at San Francisco, California.

_____
The Honorable Edward M. Chen
United States District Judge

IT IS SO ORDERED
Judge Edward M. Chen

# EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of_____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the protective order that the United States District Court for the Southern District of Texas entered in the case *JANJUA V. SCIALABBA, et al.*, and I agree to comply with and to be bound by all the terms of that protective order. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt and that I will not disclose in any manner any information or item that is subject to this protective order to any person or entity except in strict compliance with the provisions of this protective order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Texas for the purpose of enforcing the terms of this protective order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name] of_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this protective order.

Date: _____

City and State where sworn and signed: _____

Printed Name:_____

Signature: _____